Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
WARDAH BARI

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| WARDAH BARI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUNTER WARFIELD, INC.,<br><br>　　　　Defendant. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, WARDAH BARI ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, HUNTER WARFIELD, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

1

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the Town of Apple Valley, San Bernardino County, State of California.

7. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the

RFDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a Delaware business corporation and national collection agency with its headquarters in the City of Tampa, Hillsborough County, State of Florida.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff allegedly owed by Plaintiff arising from unpaid residential rent or related fees for the Foundry II apartments (account no. D1030).

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Plaintiff does not owe the alleged debt.

22. Defendant places calls to Plaintiff's cellular telephone at 760-694-7879 in an attempt to collect the alleged debt.

23. Plaintiff has answered several collection calls from Plaintiff.

24. During the above-referenced telephone conversations:

   a. Defendant's collector attempted to collect the alleged debt from Plaintiff;

   b. Plaintiff disputed owing the alleged debt, explaining that Plaintiff had never signed a lease, took possession of the apartment, and even had $150.00 refunded to Plaintiff by the original creditor;[1] and

   c. Plaintiff told Defendant to stop calling her.

---

[1] Attached hereto as Exhibit A is a true-and-correct copy of email correspondence between Plaintiff and the original creditor confirming the merits of Plaintiff's dispute.

25. Despite Plaintiff telling Defendant to stop calling her, and disputing owing the alleged debt, Defendant continued to call Plaintiff unabated in an attempt to collect the alleged debt.

26. Plaintiff has also disputed owing the alleged debt via email to Defendant on multiple occasions.

27. Attached hereto as Exhibit B is a true-and-correct copy of a collection letter from Defendant to Plaintiff, dated June 10, 2022.

28. The June 10, 2022 collection letter from Defendant attempts to collect 8.00% interest from Plaintiff for a debt that does not even exist.

29. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

32. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

33. Defendant's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally protected interest of her individual privacy.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant employed unlawful debt collection tactics to in its attempts to collect the alleged debt from Plaintiff;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when despite Plaintiff telling Defendant to stop calling Plaintiff, Defendant continued to place collection calls to Plaintiff's cellular telephone number unabated in an attempt to collect the alleged debt;

   c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

   d. Defendant violated § 1692e(2) of the FDCPA by its false representation

of the character, amount, or legal status of any debt when Defendant attempted to collect a debt from Plaintiff that Plaintiff does not owe;

e. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged created the false impression on Plaintiff that Defendant could harass Plaintiff with impunity, despite Plaintiff repeatedly telling Defendant to stop calling her;

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein;

g. Defendant violated § 1692f(1) of the FDCPA by the attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when Defendant attempted to collect a debt from Plaintiff that Plaintiff does not owe, including unauthorized interest;

h. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral and written disputes of the alleged debt and continuing to assume the validity of the alleged when Defendant continued to attempt the

        alleged debt from Plaintiff; and

    i. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector ignored Plaintiff's oral and written disputes of the alleged debt and continued to attempt the alleged debt from Plaintiff.

WHEREFORE, Plaintiff, WARDAH BARI, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, INC., for the following:

35. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats and re-alleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the § 1788.11(d) of the RFDCPA by causing a

       telephone to ring repeatedly or continuously to annoy the person called when despite Plaintiff telling Defendant to stop calling Plaintiff, Defendant continued to place collection calls to Plaintiff's cellular telephone number unabated in an attempt to collect the alleged debt;

  b. Defendant violated § 1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances when despite Plaintiff telling Defendant to stop calling Plaintiff, Defendant continued to place collection calls to Plaintiff's cellular telephone number unabated in an attempt to collect the alleged debt;

  c. Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, WARDAH BARI, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, INC., for the following:

41. Actual damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a);

42. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

43. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

44. Any other relief that this Honorable Court deems appropriate.

DATED: February 8, 2023

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
WARDAH BARI

# **EXHIBIT A**

# **<u>EXHIBIT B</u>**